# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VERMIN LOVE SUPREME, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> KANSAS STATE ELECTIONS BOARD; ) <br> *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 6:18-cv-01182-EFM-JPO <br><br> **AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO APPEAR *PRO HAC VICE*** |

Pursuant to D. Kan. Rule 83.5.4., I declare that the following facts are true, to the best of my knowledge, information and belief:

1. My full name is Marc J. Randazza.

2. I practice under the following firm name or letterhead:

   Randazza Legal Group, PLLC
   2764 Lake Sahara Drive, Suite 109
   Las Vegas, Nevada 89117
   Tel: (702) 420-2001
   Fax: (305) 437-7662
   Email: mjr@randazza.com

3. I have been admitted to practice in the following courts (here list the dates and places of admission to all bars, state or federal, and any bar registration numbers):

| Court | Date of Admission | Bar Number |
|---|---|---|
| Commonwealth of Massachusetts | 01/24/2002 | 651477 |
| State of Florida | 03/25/2003 | 625566 |
| State of California | 05/20/2010 | 269535 |
| State of Arizona | 08/26/2010 | 027861 |
| State of Nevada | 01/06/2012 | 12265 |
| Supreme Court of the United States | 02/28/2005 | N/A |
| U.S. Court of Appeals for the First Circuit | 05/08/2003 | N/A |
| U.S. Court of Appeals for the Fourth Circuit | 11/06/2015 | N/A |

| | | |
|---|---|---|
| U.S. Court of Appeals for the Sixth Circuit | 07/30/2013 | N/A |
| U.S. Court of Appeals for the Seventh Circuit | 11/06/2009 | N/A |
| U.S. Court of Appeals for the Ninth Circuit | 09/04/2009 | N/A |
| U.S. Court of Appeals for the Tenth Circuit | 11/03/2011 | N/A |
| U.S. Court of Appeals for the Eleventh Circuit | 06/20/2003 | N/A |
| U.S. Court of Appeals for the Federal Circuit | 09/01/2006 | N/A |
| U.S. District Court for the District of Massachusetts | 06/12/2002 | N/A |
| U.S. District Court for the Northern District of Florida | 05/17/2005 | N/A |
| U.S. District Court for the Middle District of Florida | 06/09/2003 | N/A |
| U.S. District Court for the Southern District of Florida | 08/04/2006 | N/A |
| U.S. District Court for the Northern District of Texas | 11/12/2009 | N/A |
| U.S. District Court for the Eastern District of California | 06/08/2010 | N/A |
| U.S. District Court for the Southern District of California | 06/08/2010 | N/A |
| U.S. District Court for the Central District of California | 06/08/2010 | N/A |
| U.S. District Court for the Northern District of California | 06/22/2010 | N/A |
| U.S. District Court for the District of Arizona | 10/19/2010 | N/A |
| U.S. District Court for the District of Colorado | 03/28/2011 | N/A |
| U.S. District Court for the District of Nevada | 02/01/2012 | N/A |
| U.S. District Court for the Eastern District of Wisconsin | 06/18/2010 | N/A |
| U.S. District Court for the Northern District of Ohio | 02/13/2012 | N/A |
| U.S. District Court for the Eastern District of Michigan | 06/30/2009 | N/A |

4. I have reviewed D. Kan. Rule 83.5.4. Pursuant to that rule I have retained local counsel to assist in the representation in this case, and I agree that local counsel will sign all pleadings or other papers and participate meaningfully in the preparation and trial of the case or proceedings to the extent required by the Court.

5. I consent to the exercise of disciplinary jurisdiction over any alleged misconduct that occurs during the progress of this case.

6. I am in good standing in all bars of which I am a member.

7. I am presently a respondent in a pending disciplinary action against me in the State of Nevada, Case No. OBC15-0747. On May 22, 2018, I executed a Conditional Guilty Plea in

Exchange for a Stated Form of Discipline.  The State Bar of Nevada approved the plea on June 4, 2018.  On June 13, 2018, the plea was accepted by the Hearing Panel.  A statement of facts relating to this proceeding is included below:

> A. On or about June 20, 2012, I, on behalf of a company called Liberty Media Holdings, LLC ("Liberty"), filed a lawsuit in US District Court, District of Nevada against FF Magnat Ltd. d/b/a Oron for alleged violations of Liberty's intellectual property.  *See* Case No. 2:12-cv-01057-GMN-RJJ (hereinafter "Oron Litigation").  On or about June 21, 2012, I obtained an injunction in the Oron Litigation freezing certain accounts and funds belonging to Oron.

> B. On July 1, 2012, Liberty and Oron signed a letter memorializing settlement terms regarding the Oron Litigation and a similar case between the two parties in Hong Kong (hereinafter "Settlement Letter").  An essential part of the Settlement Letter was that Oron would pay Liberty the sum of $550,000 with said sum payable to my firm's Attorney-Client Trust Account.

> C. A dispute between Liberty and Oron arose after the Settlement Letter was signed.  On behalf of Liberty, I filed a Motion to Enforce Settlement.  By Order dated August 7, 2012, the District Court found that the Settlement Letter constituted an enforceable contract as there was a "meeting of the minds as to all material terms on July 5, 2012."  A Judgment was entered in the docket of the above-entitled Court in favor of Liberty as Judgment Creditor and against Oron as Judgment Debtor for $550,000.00.

> D. Between August 7, 2012 and August 13, 2012, I, for Liberty, and Oron continued discussions regarding reducing the terms of the Settlement Letter and the Judgment into a more definitive written agreement although the District Court had already enforced the settlement and reduced the $550,000.00 settlement amount ("Settlement Amount") to judgment ("Post-Judgment Discussions").  During the Post-Judgment Discussions, Oron wanted to enter into an agreement to retain me for bona fide legal services, which would have

the practical effect of potentially conflicting me from ever representing a client in litigation against Oron in the future.

   E. Subject to the agreement of Liberty and Liberty's execution of a written agreement, I negotiated a separate agreement with Oron whereby $75,000 of Oron's frozen funds would be released to Oron's counsel with the understanding, but no guarantee, that such funds would be used to retain my firm as counsel for Oron ("Post-Judgment Agreement").  The Post-Judgment Agreement was not executed.  Oron's frozen funds were not released, I did not receive a $75,000 payment, and I did not become counsel for Oron.

   F. During August of 2012, Jason Gibson and I also discussed pursuing further litigation on behalf of Liberty against Oron. I estimated additional litigation costs and expenses (not to include attorney's fees) in an amount approximating $50,000.  Liberty asked me to advance half.  To memorialize the $25,000 as an advancement of litigation costs and expenses, I requested Liberty execute a promissory note to that effect.  On or about August 21, 2012, memorializing my advancement to Liberty of the $25,000, Mr. Gibson signed a promissory note on Liberty's behalf noting the terms of repayment.  However, I did not advise Liberty, in writing, of its right to seek the advice of independent counsel with regards to the promissory note as I did not believe it was required for a litigation advance.

   G. Nevada Rules of Professional Conduct ("RPC") 5.6 reads, in part, that "[a] lawyer shall not participate in offering or making … [a]n agreement in which a restriction on the lawyer's right to practice is part of the settlement of a client controversy."  As part of the negotiations culminating in the drafting of the proposed Post-Judgment Agreement to which Liberty was a proposed party and signatory, the State Bar of Nevada claims I offered to enter into an agreement which would have the likely effect of restricting my right to practice law.

   H. RPC 1.8(a) mandates that "a lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory security or other pecuniary interest adverse to a client  unless: (1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in

writing in a manner that can be reasonably understood by the client, and(b) the client is advised in writing of the desirability of seeking and is given a reasonable opportunity to seek the advice of independent legal counsel on the transaction." The State Bar of Nevada claims I was required to, and did not, advise Liberty, in writing, of the desirability or advisability of seeking the advice of independent legal counsel on the fairness of the $25,000 advance or give Liberty the reasonable opportunity to seek the advice of independent counsel before accepting the advance and signing the promissory note.

I.   Pursuant to the Conditional Guilty Plea, I accepted the allegations as to violations of RPC 1.8(a) (relating to the promissory note) and 5.6 (relating to post-settlement potential retention by Oron), with an 18-month probation, as well as a 12-month stayed suspension, without any actual suspension upon successful completion of the probation terms. Other claims alleged by the State Bar of Nevada raised in its Complaint were dismissed by prior Order of the Hearing Panel or pursuant to the Conditional Guilty Plea.

8.   No other disciplinary or grievance proceedings are pending or have previously been filed against me in in any jurisdiction.

9.   I have not been charged in any court of the United States or of any state, territory or possession of the United States with the commission of a felony or unprofessional conduct.

10.   I have registered to receive electronic notification by completing the Court's Electronic Filing Registration Form. I understand I will receive System-generated notices of electronic filing.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 6/27/2018 .

DocuSigned by:
*Marc Randazza*
FC7D2A65030B432...

Marc J. Randazza